**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARGARET FRIEDMAN, *Executor of the Estate of Mary L. Friedman*, | CASE NO. 1:21-CV-2083 |
| Plaintiff | JUDGE SARA LIOI |
| v. | **ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANTS MONTEFIORE, THE MONTEFIORE FOUNDATION, THE MONTEFIORE HOME, THE MONTEFIORE HOUSING CORPORATION, AND MENORAH PARK FOUNDATION** |
| MONTEFIORE, *et al.*, | |
| Defendants | |
| | **[Jury Demand Endorsed Hereon]** |

Defendants Montefiore, The Montefiore Foundation, The Montefiore Home, The Montefiore Housing Corporation, and Menorah Park Foundation (collectively "Defendants") state for their Answer to the Complaint of Plaintiff as follows:

1. Defendants deny for want of knowledge the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit that Montefiore was a nursing home and deny all remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit that The Montefiore Foundation is a legal entity existing pursuant to laws of the State of Ohio and deny all remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that The Montefiore Home is a legal entity under laws of the State of Ohio, and that it operated Montefiore, and deny all remaining allegations in Paragraph 4 of the Complaint.

5.      Defendants admit that The Montefiore Housing Corporation is a legal entity under laws of the State of Ohio, deny allegations that it operated Montefiore, and deny all remaining allegations in Paragraph 5 of the Complaint.

6.      Defendants admit that Menorah Park Foundation is a legal entity, deny that it operated healthcare facilities in Ohio, further deny that it operated Montefiore, and deny all remaining allegations in Paragraph 6 of the Complaint.

7.      Defendants admit that Defendant Ariel Hyman was an Administrator at Montefiore and deny for want of knowledge and/or as worded all remaining allegations in Paragraph 7 of the Complaint.

8.      Defendants admit that Tina King was a nurse in Ohio and deny for want of knowledge and/or as worded all remaining allegations in Paragraph 8 of the Complaint.

9.      Defendants admit that Marie Gelle was a nurse in Ohio and deny for want of knowledge and/or as worded all remaining allegations in Paragraph 9 of the Complaint.

10.      Defendants admit that Montefiore employed nurses during the relevant time period and deny all remaining allegations in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations in Paragraph 11 of the Complaint.

12.      Defendants admit that Plaintiff has filed a Motion for Extension of Time to File Affidavit of Merit and deny for want of knowledge all remaining allegations in Paragraph 12 of the Complaint.

13.      Defendants deny the allegations in Paragraph 13 of the Complaint.

14.      Defendants deny the allegations in Paragraph 14 of the Complaint.

15.      Defendants deny the allegations in Paragraph 15 of the Complaint.

16.      Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Any allegation in the Plaintiff's Complaint not specifically admitted herein is hereby denied.

## **AFFIRMATIVE DEFENSES**

32.     Plaintiff's Complaint fails to state a claim against these Defendants upon which relief can be granted.

33.     This Court lacks jurisdiction of the within action by virtue of the Plaintiff's failure to comply with the pleading requirements as required by the Ohio Rules of Civil Procedure.

34.     Plaintiff's Complaint does not comply with O.R.C. §2307.42 in that the Plaintiff has failed to list the collateral benefits received, if any, as required by that subsection.

35.     Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own negligence.

36.     Plaintiff has failed to join necessary and/or indispensable parties to this lawsuit.

37.     Plaintiff's damages, if any, are the result of events or circumstances, intervening or otherwise, beyond the control of these Defendants.

38.     Plaintiff's damages, if any, were proximately caused by the intervening and/or superseding misconduct of parties not under the control of these Defendants.

39.     One or more of Plaintiff's claims are barred by the applicable statute of limitations set forth in O.R.C. §2305.113 and/or the doctrine of waiver, estoppel, or laches.

40.     One or more of Plaintiff's claims are barred by the applicable statute of repose set forth in O.R.C. §2305.113.

41.     Plaintiff lacks a reasonable good faith basis to bring this medical claim, thereby entitling these Defendants to an award of attorney's fees and costs against Plaintiff as provided by O.R.C. §2323.42.

42.     If Plaintiff sustained any of the injuries or damages alleged in the Complaint, such injuries and damages were caused, or were contributed to, by Plaintiff's own comparative negligence, intentional acts, culpable conduct, and express or implied assumption of the risk.  Such conduct serves as a bar to one or more of Plaintiff's claims or entitles these Defendants to a reduction in damages.  (O.R.C. §2307.22, O.R.C. §2315.32 *et seq*.)

43.     The injuries or damages of which Plaintiff complains are attributable to one or more persons from whom the Plaintiff did not seek recovery in this action.  (O.R.C. §2307.23(C).)

44.     All or part of the injuries or damages alleged in Plaintiff's Complaint were caused by the acts and omissions of another or others, whose conduct these Defendants had no reason to

anticipate and for whose conduct these Defendants are and were not responsible. (O.R.C. §2307.22 *et seq.*)

45.    One or more of Plaintiff's claims for damages are subject to the limits on certain types of damages, and this Court is without jurisdiction to enter judgment for Plaintiff beyond the limitations set forth in O.R.C. §2323.43.

46.    Am. Sub S.B. 281 and/or Am. Sub S.B. 120, and/or S.B. 179, now codified in various sections throughout the Ohio Revised Code, bar or limit one or more of the Plaintiff's claims.

47.    Plaintiff's claims are procedurally deficient pursuant to Civil Rule 10.

48.    Plaintiff has failed to mitigate damages.

49.    Plaintiff lacks standing and/or capacity to commence this action.

50.    Defendants are entitled to a set off.

51.    Plaintiff lacks standing to prosecute the claims asserted herein.

52.    Lack of service of process, lack of personal jurisdiction and lack of subject matter jurisdiction with regard to Plaintiff's Complaint.

53.    The damages claimed by Plaintiff are subject to reduction pursuant to the Affordable Care Act, Medicare, and Medicaid.

54.    One or more of Plaintiff's claims allege violation of 42 CFR 483, *et seq.* which are prohibited under both Ohio and Federal law and do not provide for a private civil cause of action.

55.    All or part of the Plaintiff's claims are barred pursuant to the immunity granted in Ohio House Bill 606.

56.    All or part of the Plaintiff's claims are barred pursuant to the immunity granted in the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§247d-6d, 247d-6e.

57.     All or part of the Plaintiff's claims are barred and/or preempted by binding and contractually agreed upon mediation and/or arbitration.

58.     All of Plaintiff's claims are preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§247d-6d, 247d-6e, and therefore only a Federal Court has jurisdiction to address the questions of federal law.

59.     Defendants reserve the right to assert any additional defenses which discovery in this matter reveals are applicable.

WHEREFORE, Defendants Montefiore, The Montefiore Foundation, The Montefiore Home, The Montefiore Housing Corporation, and Menorah Park Foundation, having fully answered Plaintiff's Complaint, hereby prays that said Complaint be dismissed and that they be permitted to go hence without further cost and delay.

Respectfully submitted,

*/s/ Joseph F. Petros III*
JOSEPH F. PETROS III (OH 0088363)
ARIC D. MARTIN (OH 0065765)
**ROLF GOFFMAN MARTIN LANG LLP**
30100 Chagrin Boulevard, Suite 350
Cleveland, Ohio 44124-5705
(216) 682-2130 (Telephone and Facsimile)
Petros@RolfLaw.com
Martin@RolfLaw.com

and

BRIAN F. LANGE (0080627)
BRET C. PERRY (0073488)
DONALD J. RICHARDSON (0068786)
Bonezzi Switzer Polito & Hupp Co. L.P.A.
1300 East 9th Street, Suite 1950
Cleveland, Ohio 44114-1501
Phone  (216) 875-2767
Fax     (216) 875-1570
Email   blange@bsphlaw.com
        bperry@bsphlaw.com
        drichardson@bsphlaw.com

*Attorneys for Defendants Montefiore, The Montefiore Foundation, The Montefiore Home, The Montefiore Housing Corporation, and Menorah Park Foundation*

## JURY DEMAND

Defendants hereby demand a trial by jury on all such triable issues in this matter.

*/s/ Joseph F. Petros III*
Joseph F. Petros III

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed with the Clerk of Courts using the ECF system on December 15, 2021, which will send notification of such filing to all attorneys of record.

*/s/ Joseph F. Petros III*
Joseph F. Petros III